IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BRAVO! FACILITY SERVICE, INC., )
    Plaintiff, )
     )
    v. )    Case No. 1:17cv419
     )
KAISER FOUNDATION HEALTH )
PLAN OF THE MID-ATLANTIC )
STATES, INC., et al, )
    Defendants.

## MEMORANDUM OPINION

At issue on plaintiff's motion to remand this removed diversity action is whether the removing defendant adequately complied with the removal statute (28 U.S.C. § 1446(b)(2)(A)) where, as here, the notice of removal states that "all other defendants . . . have joined in this notice of removal, as evidenced by the joinders," and one defendant filed evidence of her consent to removal within the thirty (30) day removal period and the other three did not.

For the reasons that follow, settled circuit precedent confirms that the notice of removal falls short of unambiguously stating that all defendants consented to removal. Therefore, plaintiff's motion to remand must be granted because there is doubt as to whether *every* defendant timely consented to removal.

I.

Plaintiff BRAVO! Facility Services, Inc. is an environmental services corporation with its principal place of business in Vienna, Virginia.[1] Defendant Kaiser Foundation Health Plan of the Mid-Atlantic, Inc. ("Kaiser"), a subsidiary of Kaiser Permanente, is a healthcare plan

---

[1] As required by settled precedent, the facts recited here are derived from the plaintiff's complaint and are taken as true. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017), as amended (Jan. 20, 2017) (citations omitted).

1

company that is incorporated in Maryland and maintains its principal place of business in Rockville, Maryland. Defendant Troy A. Blades ("Blades") is a resident and citizen of Maryland, who at all relevant times was a Kaiser employee. Defendant Osmond Adams ("Adams") is also a resident and citizen of Maryland and was a Kaiser employee during all relevant times. Defendant Marie Vought ("Vought"), also a resident and citizen of Maryland, was plaintiff's Director of Environmental Services and had been previously employed by Kaiser. Blackstone Consulting, Inc. ("BCI"), the removing defendant, is a California environmental services corporation that competed directly with the plaintiff for Kaiser's environmental services contract.

On July 1, 2012, plaintiff entered into a five-year contract with defendant Kaiser to perform a variety of environmental services at Kaiser's facilities in the Mid-Atlantic region. This contract was scheduled to expire on June 30, 2017. Approximately nine months before the expiration of the contract, Kaiser terminated plaintiff's services and replaced the plaintiff with defendant BCI and ABM, a non-party company that was also one of plaintiff's competitors.

Plaintiff alleges that as early as 2015, defendants Kaiser, Blades, Adams, Vought and BCI conspired to replace plaintiff as Kaiser's environmental service provider. As part of this alleged conspiracy, plaintiff claims the defendants planted defendant Vought as a senior employee in plaintiff's company in order to steal plaintiff's valuable proprietary information and to recruit plaintiff's employees to work for BCI and ABM.

In February 2017, Plaintiff sued the five defendants in the Fairfax County Circuit Court, alleging eight causes of action:

> i. tortious interference with a contract against defendants Blades, Adams, Vought and BCI;

ii. conspiracy to interfere tortiously with an contract against all defendants;

iii. tortious interference with prospective economic advantages against defendants Blades, Adams, Vought and BCI;

iv. conspiracy to interfere tortiously with prospective economic advantages (against all defendants);

v. statutory business conspiracy against all defendants;

vi. breach of fiduciary duties of loyalty and care against defendant Vought;

vii. actual and constructive fraud against defendants Blades, Adams and Kaiser; and

viii. breach of contract (against defendant Kaiser).

Plaintiff served all defendants with a summons and copy of the state court complaint. Specifically, defendants Vought and Adams were served on March 4, 2017; defendants BCI and Kaiser were served on March 8, 2017; and defendant Blades was served on March 9, 2017.

On April 6, 2017, defendant BCI removed this case from Fairfax County Circuit Court. In its notice of removal, defendant BCI asserted that federal diversity jurisdiction exists on the grounds that (i) defendants' state(s) of citizenship are different from the plaintiff's state of citizenship, and (ii) the amount in controversy exceeds $75,000. *Id.* Defendant BCI also represented in its notice of removal that "[a]ll other defendants who have been served with [the] summons and Complaint have joined in this notice of removal, as evidenced by the Joinders of defendants Kaiser Foundation Health Plan of the Mid-Atlantic, Inc., Troy A. Blades, Osmond Adams, and Marie I. Vought." *Id.* Only defendant Vought, however, actually filed a written joinder or notice of consent within the 30-day time period for removal. Defendants Kaiser, Adams and Blades did not file a written consent to BCI's notice of removal until April 12, 2017, five days after the removal deadline.

3

On April 12, 2017, plaintiff filed a motion to remand this matter to state court, arguing that (i) defendant BCI's notice of removal did not unambiguously state that the other defendants consented to removal, and (ii) defendants Kaiser, Blades and Adams failed to consent to removal within the 30-days permitted by 28 U.S.C. § 1446.

## II.

Plaintiff does not dispute that removal jurisdiction exists; the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Instead, plaintiff contends that removal is procedurally deficient because the removal notice does not unambiguously reflect all of the defendants' consent to removal and not all defendants ultimately filed timely individual consents to removal.

Although the statute governing removal makes clear that "all defendants who have been properly joined and served must join in or consent to the removal of the action," Congress has not prescribed the manner in which a removing defendant or the additional defendants must manifest their requisite consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A). Nor has the Supreme Court addressed this point. As it happens, however, this issue has arisen in the lower courts where it has resulted in a circuit split regarding the procedures for accomplishing removal in multi-defendant cases. The Second, Fifth and Seventh Circuits do not permit a removing defendant to represent another codefendant's consent to removal.[2] These courts hold that each defendant must

---

[2] *See Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir.2012) (finding that codefendants satisfied the unanimity requirement by independently submitting letters to the district court within the 30-day removal period); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir.1994), abrogated on other grounds by *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (explaining that the removal statute's directive that "all defendants who have been properly joined and served must join in or consent to the removal of the action" requires each codefendant to submit their consent in writing); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n. 11 (5th Cir.1988) (noting unanimity requires "some timely filed written indication from each served defendant or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action.").

4

individually evidence its consent to removal through written or oral notice to the trial court. By contrast, the Fourth, Sixth, Eighth and Ninth Circuits have held that a removing defendant can represent that all other defendants consent to removal without requiring additional written or oral evidence from the non-removing defendants, provided that the notice of removal states unambiguously that all defendants consent to removal.[3] More specifically, this approach requires that counsel for the removing defendant state unambiguously and subject to Rule 11 that all other defendants consent to removal.

To be sure, there are arguments to be made with respect to both sides of this split,[4] but of course what matters in this circuit is the Fourth Circuit's view of what is required to effect removal in multi-defendant cases. And in this respect, the Fourth Circuit has clearly expressed its view in *Mayo v. Bd. of Educ. of Prince George's Cty.*, where one of the defendants, Prince George County School Board, filed a notice of removal stating that the other defendant, the

---

[3] *See Mayo*, 713 F.3d at 735 (same) (notice of removal signed and filed by attorney for one defendant and representing unambiguously that other defendants consented to removal satisfies the removal statute's unanimous consent requirement); *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015) (same); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (same); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201–02 (6th Cir. 2004) (same).

[4] Compare *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988) with *Mayo*, 713 F.3d at 737–740. In *Getty Oil*, the Fifth Circuit expressed concern that "there would be nothing on the record to 'bind' the allegedly consenting defendant(s)," if every defendant was not required to file their own written notices of consent to removal. The court reasoned that without clear record evidence of each defendant's consent, the removal procedure could be manipulated causing delays and harm to the plaintiff. In contrast, the Fourth Circuit considered the practical difficulties of having every defendant file written evidence of their consent to removal. For example, consider a sixteen defendant case where one defendant is served many months after the other defendants and removes the case to federal court on the 29th day (*i.e.* 29 days after being served with a copy of the complaint). In this example, the remaining 15 defendants would only have 1 day to coordinate with one another, agree to removal, and evidence their individual consent through written or oral notification to the trial court. The Fourth Circuit reasoned that allowing counsel for one defendant to represent that all other defendants consent to removal is more expeditious and that sufficient safeguards exist to protect against misrepresentations.

AFL-CIO Local Chapter 2250, had consented to removal. The plaintiff sought remand arguing that the rule of unanimity was not satisfied because the non-removing defendant in the case, the AFL-CIO, did not sign the notice of removal, file its own notice of removal, or file a written consent to the School Board's notice of removal. 713 F.3d 735, 737–740 (4th Cir. 2013). The Fourth Circuit rejected this argument, holding that the joinder/consent provision in § 1446 is satisfied when "a notice of removal [is] signed and filed by an attorney for one defendant representing *unambiguously* that the other defendants consent to the removal . . . ." *Id.* at 742 (emphasis added). The Fourth Circuit rested its decision in *Mayo* on two sensible grounds. First, a representation made by an attorney that all other defendants have consented to removal after the attorney signed a removal notice subject to Rule 11 can properly be relied upon given the potential sanctions the attorney could face under Rule 11 for knowingly misrepresenting information to the court and the attorney's obligation as an officer of the court to be truthful. Second, in the event that the removing defendant's attorney misrepresents another defendant's position on removal, there is no doubt that the non-consenting defendant will immediately note its disagreement with removal.

Thus, the question presented here is whether, as *Mayo* requires, BCI's notice of removal *unambiguously* states that defendants Kaiser, Vought, Blades and Adams consent to removal. The issue is a close one. The portion of the notice of removal which states "[a]ll other defendants who have been served with [the] summons and Complaint have joined in this notice of removal," is clear and unambiguous and would have easily satisfied the *Mayo* standard had the notice of removal said nothing else. But as it happens, BCI's notice of removal does say more: it adds the following phrase: "as evidenced by the Joinders of defendants Kaiser Foundation Health Plan of the Mid-Atlantic, Inc., Troy A. Blades, Osmond Adam, and Marie I.

6

Vought." This additional statement, in the circumstances of this case, injects ambiguity into the removal notice.

The ambiguity arises because the phrase "as evidenced by the Joinders of defendants . . ." gives rise to more than one meaning. It may be read, as defendants propose, to mean that all defendants consented to removal and that further evidence of their consent could be provided upon request. Alternatively, (and perhaps more plausibly) the phrase may be read to mean that the other defendants tentatively consented to removal, but would confirm or verify their consent to removal by timely providing or filing separate notices of consent to removal.[5] Indeed, one defendant did precisely this; defendant Vought provided her consent to removal on April 6, 2017, the date defendant BCI filed the removal notice.[6]

In sum, the phrase is ambiguous as to whether the defendants' consent to removal is established by the removing defendant's counsel's statement in the removal notice or is instead to be "evidenced by the Joinders of defendants . . . ." Given this ambiguity, the removal notice does not pass muster under *Mayo* to establish the requisite consent to removal by all defendants. Of course, defendants could have rescued their removal effort had all defendants timely filed the joinders as advertised in the removal notice. They failed to do so.

Here, it is undisputed that April 8th was the last date on which any defendant could timely remove this case or consent to removal. BCI removed this case on April 6, 2017. Its notice of removal was timely. Defendant Vought filed her written notice of joinder on April 6, 2017. Her consent was also timely. Defendants Kaiser, Blades and Adams, however, did not file their

---

[5] In this respect, it is easy to imagine conversations between counsel for the removing defendant and any counsel for other defendants to the effect that "we're fairly certain we'll consent, but we'll file our own joinders once you file the notice of removal."

[6] Defendant Vought's act of attaching the notice of joinder would have been superfluous had the parties intended for BCI's notice of removal to be sufficient to perfect removal.

7

written notice of joinder until April 12, 2017. Because the consent of these three defendants is untimely, removal is procedurally deficient and remand is required.[7]

## III.

For the reasons set forth above, BCI's notice of removal is ambiguous as to whether all of the defendants consented to removal. Because the notice of removal can plausibly be read to require the non-removing defendants to file written notices of consent, they were required to do so to ensure that they *unambiguously* and *unanimously* consented to removal. Because defendants Kaiser, Blades and Adams failed to file timely evidence of their consent to removal, the rule of unanimity has not been satisfied and remand is appropriate.

An appropriate order will issue granting plaintiff's motion to remand.

The Clerk of Court is directed to send a copy of this Memorandum Opinion to all counsel of record.

Alexandria, Virginia
May 30, 2017

/s/
T. S. Ellis, III
United States District Judge

---

[7] This result is consistent with the general principles that removal statutes are strictly construed, and if the propriety of removal is doubtful, remand to state court is required. *See Jones v. Wells Fargo Co.*, 671 F. App'x 153, 154 (4th Cir. 2016); *see also In re Lowe*, 102 F.3d 731, 735 (4th Cir. 1996) ("Removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed. . ."). To avoid remand, the removing party must establish by a preponderance of the evidence that removal jurisdiction exists and that removal is otherwise procedurally proper. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994); *see also Gates at Williams-Brice Condo. Ass'n & Katherine Swinson v. Quality Built, LLC*, No. 3:16-CV-02022-CMC, 2016 WL 4646258, at *3 (D.S.C. Sept. 7, 2016) ("The same rule applies to procedural deficiencies as jurisdictional deficiencies. . .") (citation omitted); *Carr v. City of Yazoo City, Miss.*, No. 5:10-CV-95, 2011 WL 1532196, at *1 (S.D. Miss. Apr. 21, 2011) ("Most cases emphasize that the procedural requirements for removal from state to federal court, although not jurisdictional, are to be strictly construed and enforced in favor of state court jurisdiction.") (citations omitted).